*72 ¶ 64.
DANIEL KELLY, J.
(concurring). I join the court's opinion but for one persnickety point — our analysis treated a certain piece of evidence in the wrong part of the dealership analysis. As our opinion accurately observes, a dealership is (as relevant here) a "contract or agreement. . . between 2 or more persons, by which a person is granted the right to sell or distribute goods or services ... in which there is a community of interest in the business of. . . selling . . . goods or services . . . ." Wis. Stat. § 135.02(3)(a).
¶ 65. This case requires us to address both the "selling goods or services" and the "community of interest" elements of the definition of a dealership. The first element inquires into the relationship between the parties as it relates to the sale of goods or services. Contracts described by this element are those in which "a person is granted the right to sell or distribute goods or services . . . ." Wis. Stat. § 135.02(3)(a). Although the operative part of this phrase appears in the passive voice ("is granted"), we know the "granting" party is the City of Madison. Thus, the "person" to whom the phrase refers must be the Golf Pros. It necessarily follows, then, that the goods or services to which this element applies must belong to the grantor (because a grantee need not grant itself rights in its own property, and a grantor may not grant rights in something it does not own).
f 66. So if the contracts under consideration created dealerships, they must have conferred on the Golf Pros the right to sell goods or services belonging to the City. Our opinion correctly concludes they did — we said the contracts were selling access to the City's golf courses. That is certainly a service, and a particularly welcome one at that. See Majority op., ¶¶ 40-41.
*73 ¶ 67. Our analysis of this dealership element should have stopped there. Instead, we proceeded to address the contracts' requirement that the Golf Pros provide golf club and cart rental services to the City's golfers. But the clubs and carts belong to the Golf Pros, not the City. So the "goods or services" element of the dealership statute simply has nothing to say about them. They do, however, belong in the "community of interest" element of the analysis, which our opinion deftly handles, and so I need say no more.
¶ 68. For this reason, I concur.